# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES--GENERAL**

Case No.  **5:25-cv-03225-DTB**                                Date: **July 9, 2026**

Title:  **Trek Power, Inc. v. Venetian Worldwide, LLC, et al.**
================================================================

**DOCKET ENTRY**
================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

Rachel Maurice                          n/a
Deputy Clerk                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:          ATTORNEYS PRESENT FOR DEFENDANT(S):
   None present                                  None present

## PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING LACK OF PROSECUTION

On December 1, 2025, plaintiff Trek Power, Inc. ("Plaintiff") filed a Complaint for breach of contract against defendants Venetian Worldwide, LLC ("Venetian") and Blake Osborne ("Osborne").  On February 3, 2026, the defendants filed a "Response to plaintiff Trek Power Inc." which the Court construed as an Answer.  (Docket No. 14). Initially, the Court noted that the Answer was not signed and, therefore, the Court was unable to ascertain who had filed the Answer.  Second, the caption of the Answer reflected that it has been submitted by "Venetian Worldwide LLC" as well as "Blake Osborne (Individual)." (Answer at 1).  As such, it appeared to the Court that the Answer had not been filed by a licensed attorney but rather, by defendants Venetian and Osborne.  The parties were advised that a Limited Liability Company ("LLC") cannot generally be represented *pro se* in federal court by its members or managers because an LLC is considered a distinct legal entity (an "artificial person") separated from its owners, and it must be represented by a licensed attorney.  The Court struck the Answer and extended the time for Defendants to properly respond to the Complaint.  (Docket No. 15).

On March 2, 2026, Osborne properly appeared and filed an Answer on his behalf only.  (Docket No. 16).  As Venetian failed to appear, Plaintiff requested its default and the same was entered on April 7, 2026.  (Docket No. 21).

On April 8, 2026, the Court set a scheduling conference for June 4, 2026.  (Docket

MINUTES FORM 11                                    Initials of Deputy Clerk  RAM
CIVIL-GEN

No. 22).  On June 1, 2026, the Court issued an Order to Show Cause ("OSC") and vacated the scheduling conference as the parties failed to file their Joint Rule 26(f) Report.  (Docket No. 24).

On June 8, 2026, Plaintiff filed a Case Management Statement (Docket No. 25), as well as a Response to the OSC (Docket No. 26).  On June 9, 2026, the Court vacated the OSC and rescheduled the scheduling conference for July 9, 2026.  (Docket No. 27).

On July 9, 2026, the Court held its scheduling conference where Defendant Osborne failed to appear.  In light of Defendant Osborne's failure to appear at the scheduling conference, he is **ORDERED TO SHOW CAUSE, on or before July 30, 2026**, as to why his answer should not be stricken and his default entered for failure to appear and failure to comply with Court orders.

**IT IS SO ORDERED.**

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk  RAM